JAMES W. SPRUANCE, plaintiff below, plaintiff in error, *v.* WIL-
LIAM TRUAX, defendant below, defendant in error.

*Statutes, Construction of—Strays—Replevin.*

The plaintiff's cattle escaped from his enclosure through bars leading therefrom,
crossed a public road and entered the field of defendant, who seized them there
and impounded them in his barnyard, and notified plaintiff by a messenger, not
in writing. The plaintiff replevied and declared in the detinuit. The defend-
ant avowed the taking and justified under Chapter 65, Vol. 15, Laws of
Delaware, passed January 29, 1875, a special act relative to "live stock run-
ning on the highways" in the School District where the impounding took place.
Said Act provides for no written or other notice of the impounding to be given
to the owner of said stock. Chapter 452, Vol. 14, Laws of Delaware, passed
April 7, 1873, Section 1, provides, "That it shall not be lawful for any person
or persons taking up or impounding cattle, horses or other stock, under the pro-
visions of the several laws of this State relating to stock, to collect the fines and
penalties therein allowed to be collected without first giving forthwith notice of
such taking up and impounding by written notice to the owner or owners thereof.
if known, or by posting written or printed notices in five of the most public
places in the school district in which said stock was taken up."

*Held* that said Chapter 65, Vol. 15, Laws of Delaware, was the sole law applicable
to this case ; that said defendant, if the jury believe that he had proceeded ac-
cording to the terms of said Statute, was entitled to recover against the plaintiff;
that the said Chapter 452, Vol. 14, Laws of Delaware, was not applicable tó
this case ; that if the plaintiff could show that said cattle were in said wheat-
field and public road without the negligence of himself or his agents, then
said defendant could not recover; but if the jury believed that the bars leading
from plaintiff's enclosure were, on the day in question, down and open, and by
the act of the plaintiff or his agents, and that the cattle did escape into said
road, and so into said wheatfield, through those bars, then said cattle did
escape through the negligence of said plaintiff, and not accidentally ; that the
justification of the defendant under said Chapter 65, Vol. 15, alone was proper
and competent.

(*January Term, 1890.*)

ERROR to Superior Court, New Castle County.

9

This suit was an action of replevin brought by James W. Spruance against William Truax, to recover sixteen head of cattle, taken up and impounded by the defendant under a stock law of this State.

The declaration was in the *detinuit*.

The defendant avowed the taking, and justified under Chapter 65,* Volume 15, Laws of Delaware, which statute he set forth in full. To this avowry the plaintiff filed several pleas, based upon Chapter 452, Volume 14, Laws of Delaware, alleging, in sub-stance, first, that the defendant did not give forthwith notice to the plaintiff, being the owner of said cattle, of such taking up and im-pounding by written notice to him, although the defendant well knew the plaintiff to be such owner; second, that the defendant did not give forthwith notice to the plaintiff of such taking up and impounding by posting written or printed notices in five of the most public places in the school district in which said stock was taken up; and third, that said cattle accidentally escaped from the enclosures of the plaintiff.

The evidence produced on the part of both plaintiff and defendant is particularly set out in the following bill of excep-tions.

At the trial of this cause, at the November Term, 1888, the following facts, *inter alia*, were proved and admitted on the part of both the plaintiff and defendant.

That the plaintiff and defendant own farms in School District No. 68, Blackbird Hundred, County of New Castle, and lying on opposite sides of a public road; that the plaintiff's farm was car-ried on by a superintendent named James Moffet, and that the de-fendant personally conducted his farm; that the dwelling, barn, barn enclosures, etc., of the plaintiff lay above four hundred yards from the said road in a field; that said field was fenced against said public road with a post and rail fence, two-thirds new, and one-

---

*Chapter 65, Volume 15, Laws of Delaware, is a special act relative to strays in School District No. 68, New Castle County, where the facts in this case transpired.

third old fence repaired; that in said fence against said road were bars, through which ingress and egress to and from said field in which stood plaintiff's house, etc., to and from said public road was secured, and that said bars on the                 day of January, 1887, upon which the said taking and detention, in the declaration in this cause complained of, is alleged to have taken place, were down and open and had been repeatedly so down and open during all of the said winter, down to said date; that otherwise, said fence against said road on the side of said plaintiff was sufficient; that the fence of the defendant, upon the opposite side of the public road, was a hedge, in so defective repair that it offered no sufficient obstacle to prevent the entrance of cattle into the wheat field of said defendant; that in the rear of the plaintiff's buildings, about two hundred feet distant therefrom, ran a small water course, at which said Moffet had been accustomed daily, for upwards of one month, to water about thirty head of cattle owned by said plaintiff and kept on said farm; that said Moffet had occasionally left said cattle beside said water course for hours at a time, but that, until the day in question, during said period of upwards of one month, since said cattle had been kept up from their grazing, and daily watered as aforesaid, none of said cattle had strayed from their enclosure, or gone upon said public road; that upon the day in question, said Moffet turned out said cattle beside said stream, to drink, as usual, then departed about his other avocations upon the farm, and remained absent about one hour; that upon his return, a portion of said cattle were found to have strayed over said public road, into the wheat field of said defendant; that said Moffet, after taking care of the cattle still in plaintiff's field, went after the remaining cattle; that said defendant had theretofore seen a part of said cattle crossing said road and entering said wheat field, had seized seventeen head of the same in said field, and was impounding the same in the barn-yard of said defendant; that all of said seventeen head of cattle, so seized and impounded, were seized exclusively upon the land and wheat field of said defendant;

that said Moffet, for said plaintiff, thereupon made immediate demand for return of said cattle, and said defendant did return one cow having a calf, but retained and wholly refused to deliver up the remaining sixteen head of cattle; that said plaintiff himself, upon the following day, and upon two other subsequent occasions, but within thirty days from said seizure, made further demands for the return of said cattle, and offered the sum of ten dollars in settlement of any damage which said cattle may have done; that said defendant had his damages duly appraised at the sum of one dollar and a half; that said defendant, after holding said cattle for the space of thirty days, then duly advertised the same for sale; that two or three days before said advertised sale, said plaintiff sued out his writ of replevin which began this action; that said defendant, upon the day following said seizure, notified said plaintiff by messenger, by word of mouth, that he, said defendant, had seized said cattle as aforesaid; but that said defendant did not give forthwith or other notice of such taking up and impounding, by written notice to said plaintiff, the owner of said cattle, although known to him, said defendant, as such owner, nor by posting written or printed notices in five of the most public places in the school district in which said stock was taken up.    It was also proven in behalf of the defendant, that during the grazing season, said cattle, or some of them, had several times escaped from their fields and annoyed the defendant.    It was testified in behalf of the plaintiff by Moffet, that this escape in question, from this enclosure, was entirely unexpected, it not having before occurred since the keeping up of the cattle from their fall grazing ; and he said such escape was accidental, and that said cattle were not more mischievous than cattle in general.

And said plaintiff, by his counsel, did thereupon, and in accordance with his plea to said avowry, maintain and ask the Court to charge, that Chapter 452, Vol. 14, Laws of Delaware, (Rev. Code, p. 314,) should be construed in connection and together with Chapter 65, Vol. 15, Laws of Delaware, as the law applicable to

the case, and that, therefore, said defendant could not justify the taking of said catttle, unless he showed that he forthwith gave the notice of said taking and impounding, as provided for in said Chapter 452, Vol. 14. Also, that if it appeared to the satisfaction of the jury that said cattle did accidentally escape from the plaintiff's enclosure, and not through the negligence of said plaintiff or his agent, then the provisions of said Chapter 65, Vol. 15, should not be construed to apply to the cattle in question in this case. And also that, it having been proven by the defendant that all the cattle so taken up and impounded as aforesaid, were so taken up and impounded while upon the land of said defendant, although, to reach the same, said cattle had just crossed over the said public road, the avowry of said defendant should have been for taking cattle damage *feasant* and not based upon the Statute, said Chapter 65, Vol. 15, in said avowry set out, and that there was hence a fatal variance between said avowry and the proof thereunder.

But the said Court did then and there charge the jury, *inter alia*, that Chapter 65, Vol. 15, Laws of Delaware, was the sole law applicable to the facts of this cause, and that said defendant, if the jury believed that he had proceeded according to the terms of said Statute, was entitled to recover against the plaintiff; that the said Chapter 452, Vol. 14, Laws of Delaware, was not a law applicable to this case; and that the cause was to be decided upon the law of Chapter 65, Vol. 15, aforesaid, alone; and further, that if the plaintiff could show that said cattle were in said wheat-field and public road without the negligence of himself or his agents, that then said defendant could not recover; but if the jury believed that said bars were on the day in question down and open, and by the act of the plaintiff or his agents, and that the cattle did escape into said road, and so into said wheatfield, through those bars, that then said cattle did escape through the negligence of said plaintiff, and not accidentally; and further, in reply to the contention of the plaintiff, by his counsel, that according to the evidence, said defendant should have avowed for taking cattle damage *feasant* instead

of under the provisions of said Chapter 65, Vol. 15, Laws of Delaware, the Court charged the jury that the justification of the defendant under said last mentioned Statute alone was proper and competent.

To which said charge of the Court to the jury, the plaintiff, by his counsel, then and there excepted, for the following reasons:

1. That the said Court erred in charging the jury that Chapter 65, Volume 15, Laws of Delaware, was the sole law applicable to the facts of this cause.

2. That the said Court erred in charging the jury that said defendant, if the jury believed that he had proceeded according to the terms of said Statute, Chapter 65, Volume 15, Laws of Delaware, was entitled to recover against the plaintiff.

3. That the said Court erred in not charging the jury that Chapter 452, Volume 14, Laws of Delaware, (Revised Code, page 314,) should be construed in connection and together with Chapter 65, Volume 15, Laws of Delaware, as the law applicable to the case.

4. That said Court erred in not charging the jury, that said defendant could not justify the taking of said cattle, unless he showed that he forthwith gave the notice of said taking and impounding, as provided in said Chapter 452, Volume 14, Laws of Delaware.

5. That the said Court erred in charging the jury, that the said Chapter 452, Volume 14, Laws of Delaware, was not a law applicable to this case.

6. That said Court erred in charging the jury, that the cause was to be decided upon the law of Chapter 65, Volume 15, Laws of Delaware, alone.

7. That the said Court erred in charging the jury, that if the plaintiff could show that said cattle were in said wheat field and public road without the negligence of himself or his agents, that then said defendant could not recover ; but if the jury believed that said bars were on that day in question down and open, and by the act of the plaintiff or his agents, and that the cattle did escape into said road, and so into said wheat-field, through those bars, that then said cattle did escape through negligence of said plaintiff, and not accidentally.

8. That the court erred in not charging the jury, that if it appeared to the satisfaction of the jury that said cattle did accidentally escape from the plaintiff's enclosure, and not through the negligence of said plaintiff or his agent, then the provisions of said Chapter 65, Volume 15, Laws of Delaware, should not be construed to apply to the cattle in question in this case.

9. That the said Court erred in not charging the jury, that it having been proven by the defendant that all the cattle so taken up and impounded, as aforesaid, were so taken up and impounded while upon the land of said defendant, although to reach the same, said cattle had just crossed over the said public road, the avowry of said defendant should have been for taking cattle damage *feasant*, and not based upon the statute, said Chapter 65, Volume 15, Laws of Delaware, in said avowry set out, and that there was hence a fatal variance between said avowry and the proof thereunder.

10. That the said Court erred in charging the jury, the justification of the defendant under the provisions of said Chapter 65, Volume 15, Laws of Delaware alone, was proper and competent.

11. That the said Court erred in not charging the jury, that upon the evidence the jury must find a verdict for the plaintiff.

*H. H. Ward,* for plaintiff:

## I.

The repeal of a Statute by implication is not favored. Unless the latter Statute is manifestly inconsistent with, and repugnant to, the former, both remain in force. Courts are bound to uphold the prior law, if the two may subsist together.

*Dwarris on Statutes,* *637, *638, *673, *674, *717 ; *Potters Dwarris on Statutes,* 154 and Note 4 ; 1 *Blackstone Com.,* *89, Rule 7 and Note 34, Sharswood Ed. ; *Rix v. Borton,* 12 Ad. and El., *470 ; *Shoyle qui tam v. Foster,* 11 Coke's R., *61 a, *62 b, *63 a ; *Williams v. Pritchard,* 4 T. R. 2 ; *Goldson v. Buck,* 15 East, 372 ; *Dodge v. Gridley,* 10 Ohio, 174 ; *Van Rensslaer v. Snyder,* 9 Barb., 302 ; *Williams v. Potter,* 2 Barb., 316 ; *McCartee v. Orphan Asylum Society,* 9 Cowen., 437, 506 ; *Davies v. Fairbairn,* 3 How. U. S., 636 ; *McCool v. Smith,* 1 Black, 459 ; *Wood v. United States,* 16 Pet., *342, *362, *363 ; *Harford v. United States,* 8 Cranch, 109 ; *Hendersons Tobacco,* 11 Wall., 652 ; *Red Rock v. Henry,* 106 U. S., 596 ; *Ex Parte Crow Dog,* 109 U. S., 556 ; *Haynes v. Jenkins,* 2 Pick., 172 ; *Bowen v. Lease,* 5 Hill, 221 ; *Appeal Tax Court of Balt. City v. Western Md. R. R. Co.,* 50 Md., 274, 296 ; *Wallace v. Bassett,* 41 Barb., 91 ; *Eastern Bank v. Commonwealth,* 10 Pa. St., 443 ; *Street v. Commonwealth,* 6 W. and S., 209 ; *Canal Co. v. Railroad Co.,* 4 G. and J., 1, 152 ; *Omit v. Commonwealth,* 21 Pa. St., 427, 435 ; *Brown v. County Commissioners,* 21 Pa. St., 37 ; *Pease v. Whitney,* 5 Mass., 380.

No inconsistency, incongruity, repugnancy or conflict exist between the Statute, Chapter 452, Vol. 14, Laws of Delaware, and Chapter 65, Vol. 15, Laws of Delaware.

No provision of the latter Statute covers any point or regulation of the earlier Statute.

The later Statute contains no negative words relating to the earlier Statute or any of its provisions, nor any repealing clause, but is wholly affirmative in its terms and scope.

The later Statute, upon which the defendant justifies, contains no provision whatever for notice to the owners of the impounded cattle of such taking and impounding. It may be doubted if that Statute, if confined in its construction to the provisions of that Statute alone, fulfills the Constitutional requirement of "due process of law." Some notice of taking up and impounding should equitably be given owners of cattle. Chapter 452, Vol. 14, provides the kind of notice which must be given in such a case. When a Statute speaks, the common law is silent.

The Chapter 65, Vol. 15, is one of a numerous class of statutes, passed for the benefit of various school districts in New Castle County and the State. All of these statutes are framed after practically the same model as Chapter 65, Vol. 15. Chapter 452, Vol. 14 professedly, both by its title and every part thereof, relates to, and controls the construction of all such district stock laws. It ostensibly enacts a general rule applying to the construction of all such subsidiary special laws. It is, in its scope, a remedial statute. It supplies a beneficent regulation applying to all of the district acts, in order that injustice may be prevented. (See wording of Section 2, and the expressed and implied intent of the whole act.) As a remedial statute, it should have a liberal construction should not be restrained or limited, much less repealed, by mere implication.

*Dwarris on Statutes*, \*718, \*723–4.

The fact that owners of stock are given, by Section 3, of said Statute, Chapter 452, Vol. 14, their remedy against the person who takes up and impounds such stock, does not make it a penal statute in any just meaning of the word. That remedy provided, only the more clearly indicates the remedial nature of the act. Even if it could be construed as, in a restricted sense, a penal statute, this does not prevent its also being remedial in its nature in some parts, and properly liberally construed.

*Dwarris on Statutes*, \*754.

The Statute Chapter 452, Vol. 14, is not by its terms, at least, expressly retroactive, affecting only statutes then passed and in

operation. It is, on the other hand, expressly general, as to time, in its terms, and so, presumptively and naturally, prospective in its operation. "A statute shall always be so construed as to operate prospectively, and not retrospectively, unless, indeed, the language is so clear as to preclude all question as to the intention of the legislature."

Blackstone's Com., Vol. 1, p. 91, Sherwood's Note, 37, Rule 11.

Being a remedial statute, and in its terms of general application to all statutes such as Chapter 65, Vol. 15, the Statute Chapter 452, Vol. 14, should be held to include and control such subsequent special acts.

Dwarris on Statutes, *723–4; Easton Bank v. Commonwealth, 10 Pa. St., 443, 447–8; McCartee v. Orphan Asylum Society, 9 Cowen, 437, 507; Bowen v. Lease, 5 Hill, 221.

The Statute Chapter 452, Vol. 14, controls the construction of Statute Chapter 65, Vol. 15, supplements it in the points upon which it is silent, and should be construed together with it as one law ; for

II

A code of statutes relating to one subject should be considered as governed by one spirit and policy, and as intended to be consistent and harmonious in its several parts and provisions. It is therefore an established rule of law, that all acts in pari materia are to be taken together, as if they were one law ; and they are directed to be compared in the construction of statutes, because they are considered as framed upon one system, and having one object in view.

Dwarris on Statutes, *699, *700, etc.; Potters Dwarris on Statutes, 189 and note 9; Ailesbury v. Pattison, 1 Dong., 30; Rex v. Loxdale, 1 Burrows, 447; Duck v. Addington, 4 T. R., 447; Crossley v. Arkwright, 2 T. R., 285; Dodge v. Gridley, 10 Ohio, 174; Rexford v. Knight, 15 Barb., 627, 642; McCartee v. Orphan Asylum Society, 9 Cowen, 437, 506; Haynes v. Jenks, 2 Pick., 172;

*Patterson v. Winn*, 11 Wheaton, \*380, \*385, etc.; *Pease v. Whitney*, 5 Mass, 380, etc.

That Chapter 452, Vol. 14, and Chapter 65, Vol. 15, Laws of Delaware, are statutes *in pari materia* is evident. They are public statutes, made at different times in reference to the same subject, and relate to the same class of persons and things; for since the former includes the State, and the latter School District No. 68, in New Castle County, in the State, they may be said to relate to the same persons and things. See Hosmer J. *United Soc. v. Eagle Bank*, 7 Conn., 457, 469, 470, and the cases above cited.

## III

" Upon any given state of facts it is for the judge to say whether negligence *can* legitimately be inferred, and the jury whether it *ought* to be inferred. Where, on the other hand, there is conflicting evidence on a question of fact, or there are two different and yet reasonable views which may be taken, the judge, whatever may be his opinion as to the value of the evidence, must leave it to the jury."

*Smith on Negligence*, \*22; *Wharton on Negligence*, Sec. 420, \*3; *Shearman and Redfield on Negligence*, Sec. 11 and notes; *Burton v. P., W. & B. R. R. Co.*, 4 Harr., 252.

## IV

The evidence in this case shows that all of the cattle were taken up and impounded by the defendant upon his own land, and that none of them were seized upon the highway. The only clear authority for such a seizure as the one in this case, known in our law, is that of the common law distress of cattle damage *feasant*. But cattle can only be so distrained while *on the land* of the distrainor, " for if they escape out of the defendant's grounds he cannot follow them."

*2 Saunders on Pl. and Ev.*, \*768; *Clement v. Miller*, 3 Esp. Rep., \*95.

The only authority for seizing cattle, expressed in Chapter 65, Vol. 15, under which the defendant justifies, is confined to the following words from Section 2: "It shall be lawful for any person in said school district, to take up any live stock running on the highways in said district and impound the same."

Chap. 65, Vol. 15, Laws of Del.

As the remedy of distress for cattle damage *feasant* covers the case of cattle trespassing upon private lands, no reason exists for straining this statute to cover such a case. The common law principle of excluding the application of distress for cattle damage *feasant* from the case of cattle which have escaped from the grounds of the distrainor, offers a sound rule for the construction of this statute, and for confining its operation to cattle which come expressly within its terms, by being on the highways within that district at the time of seizure. The common law remedy and the statute remedy would then not conflict, but would together cover the entire field of remedy for wandering cattle.

*Cowles v. Balger*, 47 Barb., 562.

The power by this statute given to a private person is unknown to the common law. "It is a general rule, that all statutes which are in derogation of the common law rights of the citizen must be strictly construed, so that no one whose rights are to be effected thereby may suffer wrong."

*Cooley's Const. Lim.*, 61.

Being a statute which gives a right that did not exist at the common law, and at the same time pointing out a specific method by which that right can be asserted, and the correlative liability of another citizen established, a person acting thereunder must proceed in strict accordance with its provisions, in order to justify his acts thereunder.

This is particularly the law in cases of taking and impounding cattle by virtue of Statutes.

*Cowles v. Balzer*, 47 Barb., 562; *Warring v. Cripps*, 23 Wis., 460; *Smith v. Gates*, 21 Pick., 55; *Morse v. Reed*, 28 M., 481;

*Stauser v. Kosier,* 58 Pa. St., 496 ; *Cale v. Cate,* 44 N. H., 211 ; *Newsum v. Hart,* 14 Mich., 232.

A variance upon a material point between the allegations in a pleading and the proof thereunder is fatal to the recovery of the party so pleading.

*Flanagan's Adm'r. v. City of Wilmington,* 4 Houst., 548, 556; *Lofland v. Gade,* 3 Houst., 222 ; *Groves v. Bloxam,* 3 Houst., 544; *Draper v. Randolph,* 4 Harr., 454 ; *Bank v. Simmons,* 1 Harr.,331.

A material variance between an avowry and the proof thereunder is equally fatal to the avowant's recovery.

*Taylor v. Moore,* 3 Harr., 6 ; *King's Adm'r v. Lambden, et al,* 4 Harr., 283.

*Thomas Davis,* for defendant :

The defendant claims that he took up said cattle under Chapter 65, Volume 15, Laws of Delaware as strays in School District, No. 68, as the only law for said district :

1st. Because the Legislature gave him no choice of procedure as it did in other districts.

2d. Because said Statute is a complete and local one and intended to meet all the demands of said district, in that it provides for assessment of damage sale of strays, and disposal of surplus.

Vol. 15, Chap. 65, Laws of Delaware ; *Wilson v. B. & P. R. R. Co.,* 5 Bates Ch., 524.

That Sec. 3 of said Statute provides a speedier and simpler remedy, for the injury, than the old law of damage *feasant.*

Defendant claims that the Court did not err in refusing to charge that Chapter 452, Vol. 14, page 446 applied to this case.

1st. Because said Statute by the wording of the title and each of its several sections expressly applied to the stray laws then enacted, while our statute was passed two years later.

2d. A remedial Statute may have its application to, and effect upon other existing statutes, and give the party injured a remedy.

*Dwarris on Con. of Statutes,* p. 73; *Chitty's Black.,* Com. note to p. 86.

It is safer and better to rely on and abide by the plain words of a statute, although the Legislature might have provided for other cases, had their attention been directed to them.

*Dwarris,* p. 233–235; 6 *B. & C.,* 475.

Interpretation of some statutes may be ultra the strict letter, but not, it is well and wisely said, contra the letter.

*Dwarris,* p. 237.

A Court of law is bound to give effect to the words of the statute.

*Dwarris,* p. 243; 5th *B. & A.,* p. 46.

THE COURT affirmed the judgment of the court below.